# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-108-RAW |
| | ) | |
| DAMIEN PAUL MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the motion of the defendant for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2).[1] The government has filed an amended response (#59) which the court has considered.

In *Dillon v. United States,* 130 S.Ct. 2683 (2010), the Supreme Court established a two-step inquiry to determine whether a defendant is entitled to a sentence reduction under the provision in question. The district court must first determine whether the defendant is eligible for a sentence modification under the policy statements adopted by the Sentencing Commission as well as the extent of any reduction authorized. The court must "determine the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentencing. *Id.* at 2691.

If the district court determines that the defendant is eligible for a sentence reduction, then under the second step of *Dillon* the district court considers the 18 U.S.C. §3553(a)

---

[1] Defendant sent the court a letter, which the court directed filed July 11, 2012 and treated as a motion (#51). On August 3, 2012, defendant filed a formal motion for sentence reduction (#53).

factors and decides whether, in its discretion, the sentence reduction is warranted under the circumstances. *Dillon,* 130 S.Ct. at 2692. As will be discussed, the government in the present case does not contest eligibility. Thus, the first step is resolved in the defendant's favor.

Defendant was indicted December 9, 2009, for crimes allegedly occurring on or about October 8, 2009. Count 1 was possession with intent to distribute cocaine base[2]; Count 2 was possession of a firearm in furtherance of a drug trafficking crime, and Count 3 was felon in possession of a firearm. On January 25, 2010, defendant pled guilty to Counts 1 and 3. The government agreed to dismiss Count 2 at sentencing. The government further agreed not to file an information seeking an enhanced sentence pursuant to 21 U.S.C. §851.[3]

After a series of continuances, defendant was sentenced on April 14, 2011. He was sentenced to 194 months imprisonment on Count 1 and 120 months imprisonment on Count 3, to be served concurrently. Defendant did not appeal his conviction and sentence.

In the present motion, defendant relies upon the Fair Sentencing Act ("FSA") and *Dorsey v. United States,* 132 S.Ct. 2321 (2012). The FSA reduced the disparity between crack cocaine and powder cocaine offenses, and increased the threshold quantity of crack

---

[2]The indictment charged defendant with possession of "5 grams or more." At the time, such an amount fell within the 21 U.S.C. §841(b)(1)(B) penalty range of 5 to 40 years. Under the Fair Sentencing Act, such an amount now falls within the 21 U.S.C. §841(b)(1)(C) penalty range of up to 20 years.

[3]The government asserts that defendant also waived his right to file a §3852 motion, but that the government shall not seek to enforce the waiver in this proceeding.

cocaine required to prompt a mandatory minimum sentence.[4]  In *Dorsey*, the Supreme Court held that the FSA applies retroactively to offenders who committed their offenses prior to its August 3, 2010 effective date but were sentenced after that date.  *Id.* at 2331.  As the government acknowledges, defendant falls within this category.[5]

The government nevertheless objects to the granting of relief.  The primary basis for the objection is that the government made "substantial concessions" in plea negotiations, including dismissing Count 2 [a charge pursuant to 18 U.S.C. §924(c) and thus bearing a five-year consecutive sentence] and agreeing not to seek an enhanced sentence pursuant to 21 U.S.C. §851.

Under §3582(c)(2), a district court may, in its discretion, reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]. . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Any such reduction must be consistent with the policy statement, U.S.S.G. §1B1.10(a)(1).  The application notes state that the court "shall consider" the factors in 18

---

[4]The FSA authorized the United States Sentencing Commission to amend the Sentencing Guidelines to conform with the FSA, which the Commission did, effective November 1, 2010 (Amendment 750).

[5]Strictly speaking, defendant's guidelines were based on his status as Career Offender (U.S.S.G. §4B1.1(b)(2)) and thus were not affected by the amendments regarding crack cocaine.  Under the Career Offender guidelines, however, the offense level is determined by the maximum statutory penalty, which has also changed, the new penalty being made retroactive to this defendant by *Dorsey*.

U.S.C. §3553 and the nature and seriousness of any threat to public safety in determining whether a reduction is warranted. *Id.* §1B1.10, cmt. n. 1(B). Among the factors to be considered under §3553(a) are the character of the offense and the defendant's history; the need for the sentence to protect the public, afford deterrence, and reflect the seriousness of the offense; and the applicable sentencing range.

The government requests denial of the motion, but in the alternative requests a sentence at the high end of the new 151-188 guideline range.[6] The government has cited district court cases where a §3582 motion was denied and the court made reference to the plea agreement in doing so. *See United States v. Craig,* 2008 WL 1775263 (W.D.N.C.2008) and *United States v. Suell,* 2008 WL 2845295 (N.D.Tex.2008). Moreover, the notion that the favorable nature of a plea agreement can be considered within the §3553(a) factors appears to have been accepted in *United States v. Shimp,* 353 Fed.Appx. 740, 743 (3rd Cir.2009)("the broader context of describing the nature and circumstances of [defendant's] offense").

The court has considered the pertinent factors. Defendant did receive a favorable plea agreement, without which a considerable longer sentence would have resulted. Defendant has a Category VI criminal history. Defendant had prior convictions for assault with a dangerous weapon and unlawful delivery of a controlled drug. The charged offenses

---

[6]Under the calculation set forth at pages 8-9 of the government's amended response, the defendant's previous sentencing range was 188-235 months but should sentencing relief be granted his range (applying the FSA and Amendment 750) is 151-188 months. The court agrees with this calculation.

4

in the case at bar also involved drugs and guns, although the more serious gun charge was dismissed as part of the plea agreement.

Nevertheless, the court declines the government's request to deny the motion. As previously stated, the court sentenced defendant to a sentence of 194 months on Count 1 based upon a sentencing range of 188-235 months. The new sentencing range under the present motion is 151-188 months. The court's previous sentence is <u>higher</u> than the now-applicable range. The court does not find it appropriate to seek to uphold in the present proceeding what now amounts to an "upward variance" from the range. The court will grant defendant a sentence reduction, but for the reasons stated after consideration of the pertinent factors, the new sentence shall be near the top of the now-applicable range, i.e., 184 months.

It is the order of the court that the motion of the defendant (##51, 53) is hereby GRANTED. The sentence previously imposed on Count 1 is reduced from 194 months imprisonment to 184 months imprisonment. In all other respects, defendant's original sentence is unchanged.

**ORDERED THIS 19th DAY OF NOVEMBER, 2012.**

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma